# 2001 DTA 179

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I DE SAN JUAN, PANEL I**

EVELYN NARVAEZ OCHOA
Apelada

v.

ILEANA MENENDEZ SURILLO
Apelante

Núm. KLAN-01-00089

San Juan, Puerto Rico, a 24 de mayo de 2001

Panel integrado por su Presidenta, la Juez Fiol Matta,
la Juez Rodríguez de Oronoz y el Juez González Rivera

## TEXTO COMPLETO DE LA SENTENCIA

Según se desprende de la exposición narrativa de la prueba, aprobada por este foro apelativo el 17 de abril de 2001, los hechos a los que se contrae el recurso que nos ocupa, nos demuestra que la apelante Ileana Menéndez Surillo contrató a la licenciada Evelyn Narváez Ochoa para tramitar el divorcio de su entonces esposo Arturo Abril San Miguel. A esos efectos, la señora Menéndez Surillo firmó el 26 de junio de 1996 un contrato de servicios profesionales con la referida letrada. Dicho contrato, en su parte pertinente, expresa lo siguiente:

*"---PRIMERO: La Primera Parte ofrece sus servicios como abogada a la Segunda Parte en todos los casos para la primera instancia sin incluir apelación a otro Tribunal de mayor jerarquía por la suma de $100.00 la hora, más gastos, en el caso de Divorcio y el 15% de la División de Bienes Gananciales, más gastos.*

*---La Segunda Parte hace un depósito inicial de $1,000.00 y se le cobrará al esposo el restante, los cuales no serán reembolsables."*

Habiendo realizado la señora Menéndez Surillo un depósito inicial de $500.00, en julio de 1996, la licenciada Narváez Ochoa presentó la demanda de divorcio por la causal de trato cruel. Luego de los trámites procesales correspondientes, el tribunal dictó sentencia de divorcio por consentimiento mutuo el 20 de diciembre de 1996.

Como parte de dicho proceso, las partes estipularon que el demandado pagaría la cantidad de $1,000.00 en concepto de honorarios de abogado a favor de la licenciada Narváez Ochoa. Se dispuso, además, sobre las relaciones paterno-filiales, custodia, patria potestad, pensión de alimentos y sobre la división de bienes gananciales. Como parte de dichas estipulaciones, se acordó que el señor Abril San Miguel cedería a la señora Menéndez Surillo, su participación ganancial en la propiedad inmueble que es objeto de controversia en este

caso.

Luego de dictada la sentencia de divorcio, las partes suscribieron la escritura Número Uno de Cesión de Derechos y Acciones el 30 de enero de 1997 ante la licenciada Narváez Ochoa en su función como Notario Público. En dicho documento, las partes acordaron que el valor neto de la propiedad era de $90,000.00.

Según alega la señora Menéndez Surillo, antes del otorgamiento de la referida escritura, le informó a la licenciada Narváez Ochoa que la propiedad estaba a nombre del difunto David James Tait de cuyos herederos se adquirió la propiedad en el 1985. La licenciada Narváez Ochoa se comprometió a resolver dicho asunto.

Tiempo después, la señora Menéndez Surillo solicitó un préstamo hipotecario sobre la referida propiedad inmueble. Dicho préstamo no pudo ser cerrado, sino hasta diez meses después de solicitado, debido a que la Escritura de Cesión de Derechos y Acciones no pudo ser inscrita en el Registro de la Propiedad por falta de tracto, ya que faltaba la inscripción previa del título de los herederos de David James Tait.

Según se alega en la reconvención instada por la señora Menéndez Surillo, el 1 de diciembre de 1998, ésta se vio en la obligación de contratar los servicios de otra abogada para lograr conseguir los documentos relacionados con la herencia y así lograr la inscripción de la escritura de cesión. Logró el cierre del préstamo hipotecario interesado en septiembre de 1998.

Por su parte, la licenciada Narváez Ochoa, luego de haber realizado gestiones de cobro personales infructuosas, presentó, el 9 de febrero de 1998, la demanda en cobro de dinero que motivó el presente litigio. Reclamó a la señora Menéndez Surillo la cantidad de $10,067.801, ██ más los intereses desde la radicación de la demanda y la suma de $1,000.00 en honorarios de abogado.

La señora Meléndez Surillo contestó la demanda, negó las alegaciones de la demanda, levantó defensas afirmativas y reconvino. Solicitó el pago de $30,000.00 por concepto de angustias y sufrimientos mentales causados por la licenciada Narváez Ochoa en el supuesto desempeño negligente de su función como notario.

Seguido el trámite correspondiente y celebrado juicio en el cual declararon los testigos Ileana Menéndez Surillo, Blanca Canales Mateo y la licenciada Narváez Ochoa, el tribunal, luego de aquilatar la prueba, dictó sentencia el 3 de noviembre de 2000. Al declarar con lugar la demanda, condenó a la señora Menéndez Surillo a pagar la suma reclamada de $10,067.80, más los intereses desde la radicación de la demanda y el pago de $1,000.00 por concepto de honorarios de abogados.

Inconforme, la señora Menéndez Surillo presentó en tiempo oportuno el recurso de apelación que nos ocupa. Señala la comisión de tres errores, a saber: validar un acuerdo ilegal de honorarios contingentes en un caso de divorcio, al ignorar que el contrato de servicios profesionales era ambiguo y al declarar sin lugar la reconvención. Por estar íntimamente relacionados entre sí los diferentes señalamientos de error, los discutiremos en conjunto.

I

Al analizar los señalamientos de error de la señora Menéndez Surillo, es necesario revisar las determinaciones de hechos del Tribunal de Primera Instancia. Reiteradamente, el Tribunal Supremo ha establecido que no se intervendrá con la apreciación de la prueba realizada por el Tribunal de Primera Instancia en ausencia de pasión, prejuicio, o error manifiesto. *Benítez Guzmán v. García Merced,* 126 D.P.R. 302 (1990); *Rivera Pérez v. Cruz Corchado,* 119 D.P.R. 8 (1987); *Valencia Ex parte,* 166 D.P.R. 909 (1986); *Rodríguez Cancel v. A.E.E.,* 116 D.P.R. 443 (1985); Regla 43.2 del Procedimiento Civil, 32 L.P.R.A., Ap. III.

El arbitrio del juzgador de hechos es respetable y merece deferencia, más dicho juicio no tiene credenciales de inmunidad frente a la función revisora de este tribunal. *Rivera Pérez v. Cruz Corchado, supra.*

Si un análisis de la totalidad de la evidencia demuestra que el Tribunal de Primera Instancia cometió error o cuando las conclusiones de dicho foro están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida, estás serán consideradas claramente erróneas. *Abudo Servera v. A.T.P.R.,* 105 D.P.R. 728 (1977).

Por otra parte, y atinente al asunto que nos ocupa, el Canon 24 del Código de Etica Profesional, 4 L.P.R.A., Ap. IX, específicamente dispone que al fijarse honorarios de abogado debe regirse siempre por el principio de que nuestra profesión es una parte integrante del proceso de administrar justicia y no un mero negocio con fines de lucro.

Para evitar controversias con los clientes sobre la compensación por los servicios prestados, es deseable que el acuerdo de honorarios a que se llegue, sea reducido a escrito con la mayor claridad posible. Se ha resuelto que los honorarios contingentes no están reñidos con la ética profesional cuando son beneficiosos para el cliente, especialmente cuando el cliente lo prefiera y se le haya explicado de sus consecuencias. Canon 24 del Código de Etica Profesional, *supra; Pagán de Joglar v. Cruz Viera,* 136 D.P.R. 750 (1994); *López de Victoria v. Rodríguez,* 113 D.P.R. 265 (1982).

Ahora bien, a pesar de que es deseable que los acuerdos de honorarios profesionales se pacten por escrito y éstos se redacten, libre de toda ambigüedad y con óptima claridad en sus términos, se deben consignar las contingencias permisibles que pudieran surgir durante el transcurso del pleito. Cánones 24 y 25 del Código de Etica Profesional, *supra; Colón v. All Amer. Life & Cas. Co.,* 110 D.P.R. 772 (1981).

Esto no significa que los contratos verbales de honorarios no sean exigibles, ni que un contrato de naturaleza ambiguo no sea válido y susceptible de interpretación.

En la interpretación de la validez de los honorarios contingentes, se deben evaluar los factores que dispone el Canon 24 del Código de Etica Profesional, a saber: (1) tiempo y trabajo requeridos, la novedad y dificultad de las cuestiones envueltas y la habilidad que requiere conducir propiamente el caso; (2) las oportunidades o probabilidades de pérdidas al aceptar la representación del caso en cuestión; (3) los honorarios que acostumbradamente se cobran en el distrito judicial por servicios similares, (4) la cuantía envuelta en el litigio y los beneficios que ha de derivar de los servicios de abogado; (5) la contingencia o certeza de la compensación; (6) la naturaleza de la gestión profesional, si es puramente casual o para un cliente constante.

Las reglas generales de interpretación de contrato son de aplicación a este tipo de contrato, en tanto y en cuanto sean compatibles con los cánones de ética profesional. La interpretación de un contrato conlleva el reconstruir el sentido de una declaración negocial para conseguir los efectos deseados por las partes. En relación con el contrato en sí, sus cláusulas deben interpretarse unas con otras. Cuando cualquiera de ellas admita diversos sentidos, debe entenderse en el más adecuado para que produzca el efecto deseado. Artículos 1236 y 1237 del Código Civil, 31 L.P.R.A. secs. 3474 y 3475.

Se ha resuelto que es válido un contrato mixto de honorarios por servicios profesionales de abogados donde se estipula que cierta cantidad se computará por hora y otra se determinará a base de un porciento del resultado, dependiendo de la contingencia. Véase *Ramírez, Segal & Látimer v. Rojo Rigual,* 123 D.P.R. 161 (1989).

A los fines de la resolución del asunto que nos ha sido planteado, somos consciente de lo expresado por el

Tribunal Supremo de Puerto Rico en el *Méndez de Rodríguez v. Morales Molina*, 142 D.P.R. 26 (1996), en el sentido de que los honorarios contingentes están prohibidos en la esfera criminal y en los casos de divorcio.

## II

Habiendo plasmado el derecho aplicable, analicemos los señalamientos de error del recurso que nos ocupa. Leído el contrato en forma integral, unas cláusulas con las otras y a la luz de circunstancias que dieron lugar al acuerdo, surge con evidente claridad que la intención de la señora Menéndez Surillo fue contratar los servicios profesionales de la licenciada Narváez Ochoa a razón de $100.00 la hora de trabajo, más gastos en el caso de divorcio. Para ello, la señora Menéndez Surillo haría un depósito inicial de $1,000.00 y el restante se le cobraría al esposo. Pactaron, además, que en caso de división de bienes gananciales, asunto subsidiario al divorcio, la señora Menéndez Surillo pagaría por tal concepto el 15% de lo que obtuviera, más gastos.

Ante lo expuesto, la remuneración de los servicios profesionales relacionados al divorcio se regiría por lo convenido por las partes. A base de lo pactado, es claro que la señora Menéndez Surillo sería responsable, por tal concepto, de solamente $1,000.00 para lo cual efectuó un depósito inicial de $500.00.

Al analizar la legitimidad de los honorarios contingentes pactados por las partes, conforme a la prueba del caso según esta surge de la exposición narrativa de la prueba, en el mismo no se configuran los elementos apropiados que justifican el pago de honorarios contingentes a favor de la licenciada Narváez Ochoa. La liquidación de bienes gananciales fue objeto de estipulación por las partes, incidental al caso del divorcio, el cual se produjo por la causal de consentimiento mutuo. Para llegar a tales acuerdos no se requirió por parte de la licenciada apelada inversión de tiempo o de trabajo adicional, al desplegado en el divorcio, tampoco se desprende de la exposición narrativa de la prueba que este sea un asunto novedoso o contencioso o que el mismo presentara dificultades que requirieran la habilidad de la abogada más allá de su intervención en el divorcio para lograr el crédito a favor de su clienta. A nuestro juicio, las conclusiones del Tribunal de Primera Instancia no representan el balance más racional justiciero y jurídico de la totalidad de la evidencia recibida. Por lo tanto, la razonabilidad de los honorarios concedidos no es sostenible con dicha prueba.

En virtud de todo lo anterior, resolvemos que a la luz de la jurisprudencia y los factores enunciados en el Canon 24 del Código de Etica Profesional, erró el tribunal apelado a disponer la procedencia de los honorarios reclamados. En consecuencia, resulta procedente revocar aquella parte de la sentencia que le impuso a la señora Menéndez Surillo el pago de $10,067.00, más intereses desde la radicación de la demanda y el pago de $1,000.00 en concepto de honorarios de abogados. Así, se ordena a la señora Menéndez Surillo pagar a la licenciada Narváez Ochoa la cantidad de $567.00, ■ y así modificada, se confirma la sentencia apelada.

A base del estudio que hemos realizados de la totalidad de los autos ante nos y particularmente los términos de la sentencia apelada, y visto el hecho incontrovertido de que el Tribunal de Primera Instancia no adjudicó la reconvención de la señora Menéndez Surillo basada en el incumplimiento de la apelada con sus obligaciones notariales, se ordena la devolución de este caso a dicho foro para su adjudicación conforme a derecho.

Se dictará sentencia de conformidad.

Lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

**1.** La Lcda. Narváez Ochoa declaró que cobró solamente el 10% del valor de la propiedad y no el 15% que estipuló el contrato de servicios profesionales.

**2.** La Sra. Menéndez Surillo testificó que al presente le adeuda a la licenciada Narváez Ochoa la cantidad de $567.00.