TEXTO COMPLETO DE LA SENTENCIA
Teresita Santiago (en adelante “Santiago”) solicita la revocación de una Sentencia Parcial dictada el 17 de septiembre de 2002, notificada y archivada en autos el 20 del mismo mes y año, por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Lorenzo (el “TPF), en el caso de San Lorenzo P.R. Commercial Properties Development Corp., y otros v. Teresita Santiago Hernández, y otros, Civil Número E2CI2002-308, sobre Cumplimiento Específico y/o Resolución de Contrato; Desahucio; Cobro de Dinero y Daños.
Por su parte, San Lorenzo P.R. Commercial Properties Development Corp (en adelante “Commercial”) presentó su alegato, al cual se suscribieron Carlos Alberto Zayas Lozada y Juanita Piñero Cruz, los terceros demandados y apelados. Resolvemos, con el beneficio de las comparecencias de las partes, no sin antes exponer brevemente el trasfondo fáctico y procesal acaecido.
II
El 14 de agosto de 2000, la apelante Teresita Santiago, y Commercial, suscribieron un contrato de arrendamiento, en el que Santiago se obligó, entre otras cosas, a pagar la suma de $1,750 mensuales, y otros cargos accesorios, por el uso y disfrute en calidad de arrendataria de un local comercial ubicado en el centro comercial propiedad de Commercial. Según se desprende de la cláusula 1.2 (L) del referido contrato, la unidad arrendada a Santiago era para establecer un “Gift Shop ONLY’.
Según alega Santiago, por razones totalmente atribuibles a Commercial, la unidad arrendada fue finalmente terminada en julio de 2001, en cuya fecha las partes pactaron la entrega del local y pago de renta para el término del contrato. Que luego de realizar gestiones para remodelar el local y comprar mercancía, en una visita a su local, a mediados del mes de noviembre de 2001, observó que en el local contiguo al suyo (3-B) se realizaban ventas de regalos. Por lo cual, se comunicó inmediatamente con un oficial de Commercial, quien le indicó, le ordenarían a los arrendatarios del local 3-B, Carlos Zayas Lozada y Juanita Piñero Cruz, que debían cesar la venta de regalos, por constituir ésta una violación a su contrato.
Debido a que no se resolvió la situación informada por Santiago, ésta optó por no pagar los cánones de arrendamiento, y diferir la inauguración de la tienda. El 8 de enero de 2002, en el ánimo de abrir todavía su tienda, esta vez, a tiempo para la temporada de San Valentín, Santiago le escribió a Ben Miller, Jr. Presidente de Commercial, para que resolvieran, finalmente, la situación denunciada por ella. Sin que ninguna de las gestiones realizadas por Santiago, produjera el resultado esperado por ésta, el 14 de febrero de 2002, decidió *1032 resolver el contrato, colocando a disposición de Commercial las llaves del local.
Así las cosas, Commercial entabló el 13 de mayo de 2002, demanda ante el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Lorenzo, en la que alegó en esencia que: (1) desde el mes de noviembre de 2001, Santiago dejó de pagar los cánones de arrendamiento pactados, adeudando a esa fecha la suma de $13,377.46; y (2) que ésta incumplió su obligación de establecer su “gift shop’'’ según pactado, lo que afectaba la mercabilidad del centro comercial.
Por lo antes expuesto, Commercial solicitó del TPI los siguientes remedios: (1) que se ordenara el cumplimiento específico del contrato, condenándose, en consecuencia, a Santiago, al pago de los cánones adeudados; además de cierta penalidad contemplada en el contrato, como pago de honorarios de abogado; (2) o que en la alternativa se decretara la resolución del contrato, imponiendo a Santiago el pago de los cánones adeudados hasta el momento de la resolución; se ordenara su desahucio, y el pago de daños y honorarios de abogado.
Así las cosas, Santiago presentó su Contestación a la Demanda, una Reconvención contra Commercial, y Demanda Contra Tercero, para adicionar al pleito a los arrendatarios del local 3 B. Santiago alegó en su reconvención, en esencia, que no estableció el “gift shop” de conformidad con lo pactado, debido a que Commercial había autorizado a otro comercio inmediatamente contiguo a su local, a realizar las mismas ventas que le habían sido autorizadas a ella, violando así “el derecho de exclusividad, expreso o implícito” que le fuera otorgado. Por lo cual, Commercial estaba impedida de solicitar el cumplimiento específico del contrato. Además, alegó que el desahucio'solicitado por Commercial era académico, debido a que ella había entregado el local desde al menos el 5 de abril de 2002. Por los daños sufridos como consecuencia de lo antes relatado, solicitó indemnización ascendente a $605,968.80. Mientras que en la demanda contra tercero alegó, que de venir ella obligada a pagar los cánones de arrendamiento a Commercial, Carlos A. Zayas Lozada y Juanita Piñeró Cruz, le eran responsables por las sumas que el tribunal le impusiera pagar.
En o alrededor del 3 de junio de 2002, Commercial presentó su réplica a la reconvención. Alegó, entre otras cosas, que Santiago admitió haber incumplido el contrato al no abrir la tienda en el tiempo pactado, y que el contrato suscrito no contenía ninguna cláusula de exclusividad; por lo que el derecho a solicitar la resolución del contrato estaba disponible para Commercial, quien en todo momento había cumplido con sus obligaciones.
Por su parte, los terceros demandados, Carlos A. Zayas Lozada y Juanita Piñero Cruz, presentaron Contestación a la Demanda Contra Tercero, en la que incluyeron una Reconvención y Demanda Contra Coparte-, y alegaron, entre otras defensas, que ellos ostentan la posesión del LOCAL 3 B del referido Centro Comercial en virtud de un contrato de arrendamiento (lease), el que de conformidad con el párrafo 1.2 (L) le permite:

“PERMITTED USES: For the operation of a Postal and Business Communication Center, where activities such as: Mail parcel, receiving and processing, copy center, computer rental, office and school supplies, gifts, and other relative services will be offered, ONLY.”

Además alegaron que a ellos les fue informado que el local contiguo al suyo se destinaría a farmacia. Por lo cual, solicitaron del TPI declarara sin lugar la demanda contra tercero, y con lugar la reconvención y demanda contra coparte, condenando, en consecuencia, a Santiago y a Commercial a satisfacer no menos de $60,000 por los daños y angustias mentales sufridos por ellos.
Así las cosas, Santiago presentó Solicitud de Sentencia Sumaria Parcial, en la que alegó, en síntesis, que ella dio por resuelto el contrato el 14 de febrero de 2002, por lo cual no existía controversia de hechos en cuanto a las causas de acción de cumplimiento específico de contrato y/o resolución de contrato, y desahucio; *1033 quedando únicamente pendiente de resolver la fecha de la resolución del contrato, para cuantificar los cánones de arrendamiento adeudados y las controversias sobre los daños que se derivan de la reconvención presentada por ella y de la demanda contra coparte presentada por los terceros demandados. Por su parte, Commercial presentó Oposición a Sentencia Sumaria Parcial y Solicitando Resolución de Contrato, en la que alegó, en esencia, que no le asistía la razón a Santiago cuando indicó que el contrato había sido resuelto, debido a que a ella no le asistía tal derecho, por haber incumplido con lo pactado.
El 21 de agosto de 2002, el TPI celebró vista oral para discutir ambas mociones. Luego de la cual, Commercial y Santiago solicitaron del TPI que decretara resuelto el contrato, y que procediera a determinar la fecha de efectividad de la misma, con los restantes efectos legales. Así las cosas, el TPI emitió la Sentencia Parcial que nos ocupa. Determinó, en esencia, que: (1) nada en el contrato disponía que Santiago tuviera un derecho de exclusividad en el tipo de comercio específico de venta de regalos; (2) que Santiago admitió que no estableció su negocio de “gift shop”, dentro del término de 30 días que había sido pactado; (3) que no realizó los pagos correspondientes desde el mes de diciembre de 2001, ni los pagos adicionales pactados en concepto de mantenimiento de áreas comunes, contribuciones sobre la propiedad y seguros; y (4) que debido a que nunca operó su negocio, no pagó el 6% del ingreso bruto recibido sobre el “natural breakpoint”. Con lo cual, concluyó que Santiago había incumplido sus obligaciones contractuales, por lo que ordenó: (1) que pagara los cánones de arrendamiento vencidos correspondientes a los meses transcurridos de diciembre de 2001 hasta mayo de 2002 (inclusive ambos), y las cantidades adicionales para los mismos meses correspondientes a mantenimiento de áreas comunes, contribuciones sobre la propiedad y seguros; (2) 25% del monto de las sumas condenadas a pagar, en concepto de honorarios de abogado; (3) así como las costas y los intereses legales correspondientes desde la fecha de la sentencia hasta que ésta sea satisfecha. Además, desestimó la reconvención presentada por Santiago contra Commercial, y la demanda contra tercero presentada por ésta (Santiago), contra Carlos A. Zayas Lozada, Juanita Pinero Cruz y la Sociedad Legal de Gananciales compuesta por ambos. No obstante, quedó subsistente la reconvención y demanda contra coparte presentada por los terceros demandados Zayas Lozada y Pinero Cruz.
Inconforme con el dictamen, acude ante nosotros Santiago alegando la comisión de los siguientes errores:

“A. Erró el Honorable Tribunal de Primera Instancia, Subsección de Distrito de San Lorenzo, al disponer de este caso deforma arbitraria, mediante el mecanismo de Sentencia (Sumaria) Parcial sua sponte, existiendo controversias de hechos fundamentales e impidiendo un juicio plenario de causas de acción meritorias.

B. Erró el Honorable Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Lorenzo, al dejar subsistente y no desestimar la causa de acción radicada por los terceros demandados en contra de la apelante, alegando daños y perjuicios por el sólo hecho de haberlos traído al pleito. ”

III
Sabido es que la sentencia sumaria es un mecanismo procesal extraordinario y discrecional, que procede cuando la parte promovente le demuestra al tribunal que no existe necesidad de que se celebre una vista evidenciaría del caso en su fondo. Medina v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716, 726 (1994). Solamente debe ser dictada “en casos claros, cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes.” Jusino Figueroa v. Walgreens of San Patricio, Inc., Op. de 1 de noviembre de 2001, 2001 J.T.S. 154, pág. 374; PFZ Properties, Inc. v. General Accident Insurance Co., 136 D.P.R. 881, 911-912 (1994); Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, 117 D.P.R. 714, 720-721 (1986). Véase además, Rivera Báez v. Jaume Andújar, Op. de 28 de junio de 2002, 2002 J.T.S. 107, pág. 1526; Santiago Rivera v. Ríos Alonso, Op. de 7 de febrero de 2002, 2002 J.T.S. 21.
Su propósito es “propiciar la solución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, y que por lo tanto no ameritan la celebración de un juicio en su fondo.” Pilot *1034 Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624, 632 (1994); Hernández Villanueva v. Hernández, Op. de 27 de enero de 2000, 2000 J.T.S. 26, a la pág. 608. Además, se ha señalado que el fin de la sentencia sumaria es aligerar la tramitación de un caso, permitiendo que se dicte sentencia sin celebrar una vista en los méritos, cuando de documentos no controvertidos surge que no existen controversias de hechos, sino que lo que resta es aplicar el derecho. Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, supra, a la pág. 720. Véase además, Jusino Figueroa v. Walgreens of San Patricio, supra, pág. 373; PFZ Properties, Inc. v. General Accident Insurance Co., supra; Caquías v. Asoc. Res. Mansiones Río Piedras, 134 D.P.R. 181 (1993). Es decir, que sólo debe concederse cuando el promovente ha establecido su derecho con claridad y ha demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de las alegaciones y los documentos que obren en el expediente. Benitez Esquilín v. Johnson & Johnson, CPI, Op. Per Curiam, de 30 de septiembre de 2002, 2002 J.T.S. 137, pág. 272.
La Regla 36.3 de la Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, establece que se podrá dictar sentencia sumaria “si las alegaciones,... deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostrasen que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria ... Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito. ” PFZ Properties, Inc. v. General Accident Insurance Co., supra, a la pág. 911; Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, supra, a las págs. 719-720.
Como hemos indicado, este mecanismo procesal pretende obtener un remedio rápido y eficaz en casos en que queda demostrado que no existe una controversia sobre hechos materiales del litigio. Véase: Revlon Realistic, Inc. v. Las Américas Trust Company, 135 D.P.R. 363, 376 (1994); PFZ Properties, Inc. v. General Accident Insurance Co., supra, a la pág. 912; Rivera et. al. v. Superior Pkg., Inc. et. al., 132 D.P.R. 115, 133 (1992); Tello, Rivera v. Eastern Airlines, 119 D.P.R. 83, 86 (1987). Pero el objetivo dé aligerar la tramitación de un caso, no puede derrotar el principio fundamental de todo proceso ante un tribunal: alcanzar una solución justa. Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272 (1990); Presiding Bishop C.J.C. of L.D.S. v. Purcell, supra. Así pues, “[e]n el sano ejercicio de su discreción, los tribunales no deben resolver sumariamente casos complejos o casos en los cuales están presentes cuestiones de interés público”. (Citas Omitidas) Rivera Rodríguez v. Departamento de Hacienda, Op. de 17 de septiembre de 1999, 99 J.T.S. 144, a la pág. 53.
Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquéllos que obran en el expediente del Tribunal...; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. PFZ Properties, Inc. v. General Accident Insurance Co., supra, a la pág. 913. A diferencia de otras, tales como la moción de desestimación, la moción de sentencia sumaria no se considera a base de las alegaciones solamente, como regla general, sino a base de declaraciones juradas y otros documentos admisibles como evidencia... En fin, es necesario demostrar afirmativamente que se cuenta con evidencia aceptable, admisible y suficiente para ser presentada en un juicio. Jusino Figueroa v. Walgreens of San Patricio, supra, pág. 373.
Un Tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción, una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede, PFZ Properties, Inc. v. General Accident Insurance Co., supra, a las págs. 913-914; Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, supra págs. 722-723; Cuadrado Lugo v. Santiago Rodríguez, supra a la pág. 280. Además, “[hjay litigios y controversias que por su naturaleza no deben resolverse por sentencia sumaria, porque difícilmente, en tales casos, el Tribunal puede reunir ante sí toda la verdad de los hechos a través de documentos. Así ocurre en controversias... centradas en elementos subjetivos y en las que el *1035 factor de credibilidad juega un papel esencial, sino decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivó”. (Citas Omitidas) Rivera Rodríguez v. Departamento de Hacienda, Op. de 17 de septiembre de 1999, supra, a la pág. 53.
Cuando el Tribunal de Instancia estime necesario celebrar juicio, determinará, al examinar la moción de sentencia sumaria, los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos. En tal caso, “[a]l celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad” Si el tribunal declara sin lugar la moción de sentencia sumaria y no cumple con la obligación de especificar los hechos establecidos, todas las cuestiones planteadas en las alegaciones deberán ventilarse enjuicio plenario. Hartmann v. American News Co., 171 F. 2d. 581 (1948). Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, Publicaciones J.T.S., 1979, págs. 192-193. Así pues, tomando en consideración que la sentencia sumaria es un remedio de carácter discrecional, “[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de su día en corte, principio elemental del debido proceso de ley”. Jusino Figueroa v. Walgreens of San Patricio, supra, pág. 374; Management Administration Services Corp. v. E.L.A., Op. de 29 de noviembre de 2000, 2000 J.T.S. 189, a la pág. 441; Roig Commercial Bank v. Rosario Cirino, 126 D.P.R. 613, 617 (1990). Véase además, Asociación de Pescadores de Punta Figueras, Inc. et al. v. Marina de Puerto del Rey, Inc., et al., Op. de 18 de diciembre de 2001, 2002 J.T.S. 4; García Rivera, et al. v. Enríquez Marín, et al., Op. de 2 de febrero de 2001, 2001 J.T.S. 15.
Por otra parte, sabido es que el contrato existe desde que una o varias personas consienten en obligarse respecto de otra u otras, a dar alguna cosa, o prestar algún servicio, Artículo 1206 Código Civil, 31 L.P.R.A. § 3371, cuando concurren los siguientes requisitos: (a) consentimiento de los contratantes; (b) objeto cierto que sea materia del contrato, y (c) causa de la obligación que se establezca. Artículo 1213, § 3391, Código Civil, supra. Así pues, los contratos se perfeccionan por el mero consentimiento, y desde entonces obligan, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según su naturaleza sean conformes a la buena fe, al uso y a la ley. Artículo 1210 § 3375, Código Civil, supra. En el ámbito de las obligaciones y contratos, es doctrina fundamental que cuando los términos de un contrato son claros, y no dejan lugar a dudas sobre la intención de los contratantes, no cabe recurrir a reglas de interpretación. Artículo 1233, § 3471, Código Civil, supra; Marcial Burgos v. Tomé, 144 D.P.R. 522, (1997); Trinidad García v. Chade, Op. de 18 de enero de 2001, 2001 J.T.S. 10. En tales casos prevalecerá, entonces, el sentido literal de las cláusulas. Es por ello que la facultad judicial extraordinaria de intervenir con la autonomía contractual mediante el ejercicio de su función moderadora debe ejercerse con extrema cautela y patente justificación. Marcial Burgos v. Tomé, supra, a la pág. 536, citando a López de Victoria v. Rodríguez, 113 D.P.R. 265, 271 (1982).
Al aplicar el derecho antes expuesto al caso de autos, debemos concluir que por ser claros los términos del contrato, éste no admite interpretaciones. Veamos.
En términos generales, según lo ya discutido, Santiago sostiene que Commercial creó en ella una expectativa de que su local sería el único que se dedicaría a la venta de regalos o “gift shop”. Sin embargo, no hemos encontrado en el contrato suscrito entre las partes, que en efecto se hubieran pactado tales términos. Aunque la carta que fuera dirigida a los terceros demandados, por la apelada Commercial (Apéndice de la Apelación, pág. 35), podría crear controversia en si le asiste la razón a Santiago de que le fue creada una expectativa de exclusividad, no podemos considerarla, toda vez que según alegó Commercial en su Alegato, la misma no fue objeto de prueba ante el TPI. Véase Regla 16 (E) (2), y 74 (B) de nuestro Reglamento, 4 L.P.R.A. Ap. xxn.
Por otra parte, a nuestro juicio, tampoco le asiste la razón a Santiago, cuando sostiene que al haberse estipulado la resolución del contrato, las sentencias sumarias de las partes se tomaron académicas, y que, por ende, el TPI dictó Sentencia Sumaria sua sponte y de forma arbitraria. Nótese que Commercial, en su Oposición *1036 a Sentencia Sumaria Parcial y Solicitando Resolución de Contrato, expresó que no había incumplido ninguna de las obligaciones contractuales, debido a que no existía un derecho de exclusividad a favor de Santiago; y quej por el contrario, a Commercial sí le asistía el derecho a resolver el contrato, toda vez que Santiago incumplió obligaciones fundamentales del contrato, como lo es el pago de los cánones acordados. En virtud de ello, solicitó del TPI que declarara No Ha Lugar la solicitud de sentencia sumaria presentada por la apelante, y que, por el contrario dictara sentencia sumaria a su favor, decretando la resolución del contrato. Porfío cual, aunque Santiago sólo solicitó del TPI que decretara académicas las causas de acción por cumplimiento específico de contrato y la de desahucio, Commercial, con su oposición, solicitó del TPI que dictara sentencia sumaria a su favor; lo que hizo el foro apelado.
En consecuencia, el primer error no fue cometido. 
En su segundo señalamiento de error, sostiene Santiago que erró el TPI al dejar subsistente la reconvención presentada por los terceros demandados, ahora apelados, debido a que la mera radicación de un pleito civil no permite una reclamación en daños y perjuicios. Por su parte, Commercial sostiene que este asunto no fue considerado por el TPI, toda vez que Santiago nunca solicitó la desestimación de esa reclamación, ni planteó esta controversia ante el foro apelado. Les asiste la razón.
Del alegato presentado por Santiago, no se desprende que esta controversia hubiera sido dirimida por el TPI. En atención a ello, nos abstendremos de adjudicar en esta etapa apelativa, cuestiones que no fueron planteadas en primera instancia. Véase, Elías Vega, et al v. Chenet, et al, 147 D.P.R. 507, 513 (1999), nota al pie número 6; Dorante v. Wrangler of P.R., 145 D.P.R. 408 (1998); Misión Industrial de P.R. v. Junta de Planificación, et al., 146 D.P.R. 64 (1998); Trabal Morales v. Ruiz Rodríguez, 125 D.P.R. 340, 351 (1990).
En mérito a lo expuesto, confirmamos la Sentencia Parcial emitida el 17 de septiembre de 2002 por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Lorenzo.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIO 2003 DTA 53
1. Por lo expuesto, resulta inmeritorio la discusión de los demás argumentos discutidos por la apelante en el primer error, identificados como incisos le, Id y le.