Versión para imprimir

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Gumersindo Colón Hernández | 2013 TSPR 91<br><br>189 DPR ____ |

Número del Caso: CP-2011-1

Fecha: 17 de julio de 2013

Oficina del Procurador General:

>       Lcdo. Luis Román Negrón
>       Procurador General
>
>       Lcda. Tatiana Grajales Torruella
>       Sub Procuradora General
>
>       Lcda. Yaizamarie Lugo Fontánez
>       Procuradora General Auxiliar

Comisionada Especial:

>       Hon. Eliadís Orsini Zayas

Materia: Conducta Profesional – La suspensión del abogado será efectiva el 7 de agosto de 2013 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| | CP-2011-1 | Conducta |
| Gumersindo Colón | | Profesional |
| Hernández | | |

PER CURIAM

San Juan, Puerto Rico, a 17 de julio de 2013.

I

El Lcdo. Gumersindo Colón Hernández (licenciado Colón Hernández) fue admitido al ejercicio de la abogacía el 14 de abril de 1978 y prestó juramento como notario el 15 de junio de 1978. El 19 de enero de 2011, la Procuradora General presentó una Querella sobre conducta profesional contra este a raíz de una Queja instada en su contra. Procedemos a relatar los acontecimientos que motivaron la presentación de la Queja según surgen del expediente sobre su gestión profesional.

El 10 de agosto de 2009, la Sra. María S. Rosario Osorio (la quejosa o señora Rosario Osorio) instó una Queja ante la Oficina de la Procuradora General contra el licenciado Colón Hernández.[1] Alegó que había contratado sus servicios para presentar una Petición de Expediente de Dominio sobre una finca. Planteó que el licenciado Colón

---

[1] Cabe señalar que el 16 de noviembre de 2012 se presentó la Queja AB-2012-445 contra el licenciado Colón Hernández.

CP-2011-1

Hernández le peticionó inicialmente la suma de quince mil dólares ($15,000) y posteriormente cinco mil dólares ($5,000) adicionales. Alegó que comenzado el caso dejó de comunicarse con ella y de informarle sobre los procedimientos. También sostuvo que el licenciado Colón Hernández no le contestaba las llamadas. Finalmente, el tribunal emitió una Resolución desestimando la petición.

El 12 de noviembre de 2012, el licenciado Colón Hernández contestó la Queja. Evaluada la misma, la Oficina de la Procuradora General se comunicó con la quejosa a fin de aclarar ciertas interrogantes surgidas. En cumplimiento con lo ordenado la quejosa presentó una comunicación donde reiteró lo expuesto en la Queja y apuntó que la última reunión con el licenciado Colón Hernández fue el 21 de julio de 2009, fecha en que se le entregó copia de la Resolución del Tribunal de Primera Instancia. Indicó que en esa ocasión el licenciado Colón Hernández le expresó que apelaría y que necesitaría un agrimensor cuyos honorarios debía sufragar. La señora Rosario Osorio señaló que, contrario a lo intimado en su contestación, el licenciado Colón Hernández no realizó estudio de título alguno de la finca. La quejosa entendió que el caso se trabajó incorrectamente o que el licenciado Colón Hernández no contaba con suficiente conocimiento de la materia. Finalmente, la quejosa sostuvo que el trabajo realizado no valía los veinte mil dólares ($20,000)

CP-2011-1

pagados en honorarios de abogado, por lo que peticionó la devolución de quince mil dólares ($15,000).

Por su parte, el licenciado Colón Hernández alegó que el 25 de agosto de 2005 la quejosa lo contrató para realizar la Petición de Expediente de Dominio de dos (2) fincas. Acordaron un depósito de quince mil dólares ($15,000) para gastos y honorarios, a razón del quince por ciento (15%) del valor de la propiedad. Se pactó, conforme alegado, que trabajaría en una finca a la vez, a saber la de diecisiete (17) cuerdas primero. Planteó que su primera gestión fue contratar a un paralegal para que realizara el estudio de título por índice de personas.[2] No obstante, alegó que no estuvo conforme con el trabajo hecho por lo que acudió personalmente al Registro de la Propiedad para hacer su propio estudio del tracto de la finca. Luego de recibir cierta información de la quejosa, el 5 de octubre de 2005 preparó un primer borrador de la Petición de Expediente de Dominio y posteriormente se comunicó con un agrimensor para que estudiara la finca y sometiera su contrato. Resuelto el asunto del agrimensor, el licenciado Colón Hernández presentó la Petición de Expediente de Dominio en el año 2006 bajo el número EJV2006-0-942. Expresó que para la presentación de la Petición de Expediente de Dominio tuvo que solicitar tres (3) Certificaciones, toda vez que las primeras dos (2) se prepararon pero no le notificaron por lo que perdieron su

---

[2] Dicha gestión tuvo un costo de ciento veinte dólares ($120.00).

vigencia.[3] A su vez, señaló que durante el procedimiento fue necesario emplazar a nueve (9) partes con interés, seis (6) de ellas mediante edictos.[4]

Además de las gestiones descritas, el licenciado Colón Hernández señaló que se reunió en dos (2) ocasiones en la Fiscalía de Caguas así como con el Jefe de la Sección de Expedientes de Dominio de la Oficina Asesora Administración de Propiedades del Departamento de Transportación y Obras Públicas quien no endosó la Petición presentada toda vez que la propiedad objeto de la misma invadía una servidumbre de 7.50 metros desde el centro de la Carretera PR-173. Ante esta negativa el licenciado Colón Hernández sostuvo varias reuniones que lograron el endoso de la Petición siempre y cuando se cumplieran con varios requisitos.

En cuanto a las alegaciones de la quejosa de falta de comunicación, el letrado informó que se reunió en no menos de cinco (5) ocasiones. Expresó que siempre atendía las llamadas de la señora Rosario Osorio. Por último, apuntó que nunca le prometió a la quejosa que ganarían el caso. Sostuvo que fue preparado al juicio e incluyó a los tres (3) testigos que exige la ley. Indicó que una vez recibida la Resolución del Tribunal de Primera Instancia

---

[3] Expresó que cada Certificación tuvo un costo de cincuenta y cinco dólares ($55.00) para un gasto total de ciento sesenta y cinco dólares ($165.00). Lo anterior según planteado no contaba los viajes realizados al Registro de la Propiedad.

[4] Esta gestión tuvo un costo total de dos mil ochocientos dólares ($2,800) así como veintisiete dólares con cuarenta y cinco centavos ($27.45) en cartas certificadas.

CP-2011-1

la llamó a su Oficina para discutir la misma. Le informó a las partes que lo resuelto daba espacio para una acción civil contenciosa y se puso a la disposición de la quejosa.

Así las cosas, la Oficina de la Procuradora General hizo un requerimiento de información adicional al licenciado Colón Hernández. En esta ocasión el licenciado Colón Hernández informó haberle entregado el expediente a la quejosa el 8 de marzo de 2010.

Evaluada la Queja el 2 de septiembre de 2010 la Oficina de la Procuradora General presentó su Informe. Luego de examinar tanto el Informe de la Procuradora General, como la Contestación a Informe de la Honorable Procuradora General, el 10 de diciembre de 2010 instruimos a la Procuradora General a presentar la Querella correspondiente. El 19 de enero de 2011, la Procuradora General presentó una Querella sobre conducta profesional contra el licenciado Colón Hernández imputándole un (1) cargo por violación al Canon 23 de Ética Profesional, 4 L.P.R.A. Ap. IX.[5]

Mediante Orden, peticionamos al licenciado Colón Hernández a contestar la Querella incoada en su contra.

---

[5] La Procuradora General presentó el cargo siguiente:

CARGO I
El licenciado Gumersindo Colón Hernández violentó los preceptos enunciados en el Canon 23 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 23, el cual dispone que la naturaleza fiduciaria de las relaciones abogado y cliente estén fundadas en la honradez absoluta y que se debe dar pronta cuenta del dinero u otros bienes que vengan a su posición sin permitir que estos se mezclen con los suyos.

CP-2011-1

Finalmente, y luego de una solicitud de prórroga, el licenciado Colón Hernández presentó su Contestación a la Querella.

Luego de los trámites de rigor, el 20 de julio de 2011 designamos a la Hon. Eliadís Orsino Zayas, como Comisionada Especial para atender el procedimiento de autos. Tras celebrar una vista evidenciaria, la Comisionada Especial rindió su Informe en el que determinó que, aquilatada la prueba documental y testifical, el licenciado Colón Hernández había incurrido en la conducta imputada. Además, la Comisionada Especial expresó que de los documentos y las admisiones del letrado se sostenía que este también violó los Cánones 18, 24 y 38 de los de Ética Profesional, *supra*.

Sometido el caso ante nuestra consideración, y contando con el beneficio del Informe de la Comisionada Especial y de la Procuradora General, así como la contestación del licenciado Colón Hernández, resolvemos.

II

En el caso de autos se le imputa al licenciado Colón Hernández violar el Canon 23 de los de Ética Profesional, *supra*. Como expresáramos, la Comisionada Especial también nos plantea la violación de los Cánones 18, 24 y 38 de los de Ética Profesional, supra, tras examinar los documentos y admisiones del licenciado Colón Hernández. Estas violaciones no fueron imputadas al letrado en la Querella

CP-2011-1

de 19 de enero de 2011. Examinemos este planteamiento en primer lugar.

Comencemos señalando que en *In re Ríos Ríos,* 175 D.P.R. 57 (2008), resolvimos que los abogados tienen un interés propietario en el ejercicio de la profesión legal. A tales efectos, los abogados son acreedores de las garantías que ofrece la vertiente procesal del debido proceso de ley en aquellos procedimientos disciplinarios en que esté en juego su título.

Así, en *In re Pérez Riveiro*, 180 D.P.R. 193, 200 (2010), identificamos las garantías mínimas. Destacamos la naturaleza cuasi penal de los procedimientos disciplinarios y resolvimos que en estos, el debido proceso de ley "se satisface siempre que se le provea al abogado querellado la oportunidad de responder y defenderse de los cargos imputados y notificados, así como de las teorías en las que se basen". Íd. pág. 200. Asímismo, concluimos que:

> ... la práctica de enmendar tácitamente la querella, a base de la prueba presentada, para sancionar a un abogado por violaciones al Código de Ética Profesional que no fueron imputadas en la querella es incompatible con la naturaleza de los procedimientos disciplinarios de los abogados y viola el debido proceso de ley. Las enmiendas a las alegaciones mediante la prueba es un concepto propio de los procesos civiles […] que no tiene equivalente en el ámbito penal. Por lo tanto, aceptarlas en los procedimientos disciplinarios equivaldría a equipararlos con los procesos civiles ordinarios. Íd.

Empero, en *In re Rodríguez Plaza,* 182 D.P.R. 328, 342 (2011) y en *In re Martínez Almodóvar,* 180 D.P.R. 805 (2011), reconocimos que esta norma no es rígida ni inflexible. Al respecto, hemos expresado que:

> ... a modo de excepción, en las instancias en donde el expediente ante la consideración del Tribunal refleje que, en cuanto a la conducta impropia adicional, se le han salvaguardado al querellado todas las garantías que emanan del debido proceso de ley, el Tribunal podrá —si lo estima apropiado— evaluar y atender esa conducta adicional en el mismo procedimiento disciplinario, sin necesidad de referirla al procurador general. Sólo así protegeremos efectivamente las garantías constitucionales del abogado querellado y no se menoscabará su oportunidad de preparar adecuadamente su defensa ni se le impedirá velar por su sustento. *In re Martínez Almodóvar,* supra, págs. 825-826.

Por otro lado, La Regla 14 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, establece que le corresponde al Comisionado Especial designado celebrar una vista para recibir la prueba. Por lo tanto, sus determinaciones fácticas merecen nuestra mayor deferencia. Ahora bien, de igual manera hemos resuelto que, aunque este Tribunal no está obligado a aceptar el Informe del Comisionado Especial nombrado para atender una querella contra un abogado, pudiendo adoptar, modificar o rechazar tal Informe, de ordinario sostenemos las conclusiones de hecho de un Comisionado Especial salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re Torres Viñals,* 180 D.P.R. 236 (2010).

Así las cosas, en su Informe la Comisionada Especial concluyó que la utilización de un vehículo legal

inaplicable por el licenciado Colón Hernández a la situación que atendía constituyó una violación al Canon 18; que solicitar honorarios al considerar factores externos y en exceso al valor de su trabajo violó el Canon 24; y que finalmente se configuró la violación del Canon 38. También sometió el contenido del Contrato de Servicios Profesionales para que determinemos si este viola el Canon 19.

Al examinar el expediente ante nos, no consideramos apropiado atender las violaciones éticas adicionales señaladas por la Comisionada Especial. Esto pues, tanto los escritos de la Procuradora General como los del licenciado Colón Hernández se limitan a exponer sobre la imputada violación al Canon 23. Asimismo, aunque de la Minuta de la Vista Inicial de 9 de febrero de 2012 surge que la Comisionada Especial trajo a la atención del querellado y de la Oficina del Procurador General estas posibles violaciones éticas, añadió que si en la próxima vista la Oficina de la Procuradora General le indicaba que solo tenía prueba para sostener lo imputado, así lo aceptaría. Así las cosas, la Oficina de la Procuradora General manifestó que solo contaba con prueba para sostener la violación al Canon 23. Por otro lado, tampoco contamos con reacción alguna del querellado respecto al Informe de la Comisionada Especial.

Aclarado lo anterior, examinemos las disposiciones pertinentes.

CP-2011-1

Reiteradamente hemos señalado que los Cánones de Ética Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal en el desempeño de su delicada e importante labor. *In re Peña, Rojas,* 185 D.P.R. 764 (2012), *In re Birriel Cardona,* 184 D.P.R. 301 (2012); *In re Muñoz, Morell*, 182 D.P.R. 738 (2011); *In re Torres Viñals*, supra.

En lo pertinente, el Canon 23 de los de Ética Profesional, *supra*, dispone:

> La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen.

Cuando un abogado retiene fondos de sus clientes, dicha acción constituye una práctica altamente lesiva a la profesión legal. *In re Rivera Lozada,* 176 D.P.R. 215 (2009). Dicha conducta lesiona la naturaleza fiduciaria que rige la relación entre el abogado y su cliente. Además, afecta la imagen de dignidad e integridad que debe guardar y proyectar todo abogado y la reputación de la profesión legal en la comunidad. Ni la devolución del dinero retenido al cliente, ni la falta de intención para apropiárselos permanentemente eximen a un abogado de la sanción disciplinaria correspondiente. En ese contexto hemos expresado que **la dilación en la devolución de los fondos de por sí es causa suficiente para infringir el**

CP-2011-1

**Canon 23**. *Id.; In re Bonilla Berlingeri,* 175 D.P.R. 897 (2009); *In re Ríos Ríos*, supra.

Con estos preceptos en mente, atendemos la violación ética imputada.

III

El Contrato suscrito entre la querellante y el licenciado Colón Hernández contiene una cláusula que expresa lo siguiente: "Un depósito de $15,000 para gastos y adelanto. Honorarios serán el 15% del valor de cada propiedad, que son dos". Así pactado, la querellante entregó la suma de veinte mil dólares ($20,000) al licenciado Colón Hernández.

Sostiene la Procuradora General que las partes acordaron honorarios por contingencia y que al no prevalecer, el letrado tiene derecho a ser compensado solo por los gastos incurridos. Calcula estos gastos en no más de cinco mil dólares ($5,000). Concluye que la retención de los restantes quince mil dólares ($15,000) constituye una violación al Canon 23 de Ética Profesional, *supra*. La Comisionada Especial coincide con esta conclusión.

Por su parte, el licenciado Colón Hernández sostiene que el Contrato suscrito era un contrato mixto por el que recibiría quince mil dólares ($15,000) en concepto de honorarios más un quince por ciento (15%) adicional por contingencia. Esto pues, expresa el licenciado Colón Hernández que:

> [l]os honorarios finales serían en base al valor de
> tasación una vez finalizado el caso, pues el deseo de

CP-2011-1

> nuestra cliente era vender las tierras. Nos había informado la misma que allí se estaba vendiendo la cuerda a sobre setenta mil dólares, lo que generaría una ganancia de sobre un millón de dólares. Y ella estaba dispuesta a pagar el 15% en honorarios sobre esa cantidad.[6]

Indica que el adelanto recibido era parte de los honorarios de abogado. Añade que "[p]or eso lo utilizamos y se dispuso de los mismos".[7]

Evaluados estos hechos, y conforme reseñado, la Comisionada Especial entendió que el licenciado Colón Hernández incurrió en violaciones al Canon 23, *supra.*

Al igual que la Comisionada Especial, somos del criterio que el Contrato de honorarios era de honorarios contingentes y que el dinero dado por la quejosa era para los gastos. La cláusula pertinente no permite otra lectura. Tal como hemos expresado: a los fines de las relaciones profesionales entre un abogado y su cliente se conocen como honorarios contingentes de dicho profesional el acuerdo entre las partes de que el abogado será compensado si gana el caso y en proporción a la cuantía concedida en la sentencia. *Colón v. All Amer. Life and Cas. Co.*, 110 D.P.R. 772 (1981). A tales efectos, las únicas contingencias que contempla tal definición es que el abogado o abogada gane el caso y que se pacten los honorarios en proporción a una cuantía sobre la cantidad de compensación que se consigne en la Sentencia.

---

[6] Contestación a la Queja, pág. 3.

[7] Contestación a Querella de la Honorable Procuradora General, pág. 1.

CP-2011-1

Por lo tanto, al descontar los gastos incurridos por el letrado, este debe devolver la suma restante. El licenciado Colón Hernández incurrió en violación al Canon 23 de Ética Profesional, *supra,* al mantener y disponer de este dinero*.*

IV

Por los fundamentos antes expresados, suspendemos al licenciado Colón Hernández del ejercicio de la abogacía por el término de un (1) año a partir de la notificación de la presente Opinión *Per Curiam*.

El licenciado Colón Hernández tiene el deber de notificar a todos sus clientes de su inhabilidad para continuar representándoles y devolverá a éstos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no realizados. Deberá también informar oportunamente de su suspensión a los foros judiciales y administrativos del país. De igual forma, debe certificar a este Tribunal dentro del término de treinta (30) días el cumplimiento con lo aquí dispuesto. A su vez, deberá devolverle a la señora Rosario Osorio la suma de quince mil dólares ($15,000).

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gumersindo Colón
Hernández

CP-2011-1

Conducta
Profesional

SENTENCIA

San Juan, Puerto Rico, a 17 de julio de 2013.

Por los fundamentos antes expresados, suspendemos al licenciado Colón Hernández del ejercicio de la abogacía por el término de un (1) año a partir de la notificación de la presente Opinión *Per Curiam*.

El licenciado Colón Hernández tiene el deber de notificar a todos sus clientes de su inhabilidad para continuar representándoles y devolverá a éstos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no realizados. Deberá también informar oportunamente de su suspensión a los foros judiciales y administrativos del país.

De igual forma, deberá certificar a este Tribunal dentro del término de treinta (30) días el cumplimiento con lo aquí dispuesto. A su vez, deberá devolverle a la señora Rosario Osorio la suma de quince mil dólares ($15,000).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton concurre con el resultado sin opinión escrita. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo