PER curiam:
I
El Ledo. Gumersindo Colón Hernández (licenciado Co-lón Hernández) fue admitido al ejercicio de la abogacía el 14 de abril de 1978 y prestó juramento como notario el 15 de junio de 1978. El 19 de enero de 2011, la Procuradora General presentó una Querella sobre conducta profesional contra este a raíz de una Queja instada en su contra. Pro-cedemos a relatar los acontecimientos que motivaron la presentación de la Queja según surgen del expediente so-bre su gestión profesional.
El 10 de agosto de 2009, la Sra. María S. Rosario Osorio (la quejosa o señora Rosario Osorio) instó una Queja ante la Oficina de la Procuradora General contra el licenciado Colón Hernández.(1) Alegó que había contratado sus servi-cios para presentar una Petición de Expediente de Dominio sobre una finca. Planteó que el licenciado Colón Hernández le peticionó inicialmente la suma de quince mil dólares ($15,000) y posteriormente cinco mil dólares ($5,000) adicionales. Alegó que comenzado el caso dejó de comuni-carse con ella y de informarle sobre los procedimientos. También sostuvo que el licenciado Colón Hernández no le contestaba las llamadas. Finalmente, el tribunal emitió una Resolución mediante la cual desestimó la petición.
El 12 de noviembre de 2012, el licenciado Colón Hernán-dez contestó la Queja. Al evaluarla, la Oficina de la Procu-radora General se comunicó con la quejosa para aclarar ciertas interrogantes. En cumplimiento con lo ordenado, la *278 quejosa presentó una comunicación donde reiteró lo ex-puesto en la Queja y apuntó que la última reunión con el licenciado Colón Hernández fue el 21 de julio de 2009, fe-cha en que se le entregó copia de la Resolución del Tribunal de Primera Instancia. Indicó que en esa ocasión el licen-ciado Colón Hernández le expresó que apelaría y que nece-sitaría un agrimensor cuyos honorarios debía sufragar. La señora Rosario Osorio señaló que, contrario a lo intimado en su contestación, el licenciado Colón Hernández no rea-lizó el estudio de título de la finca. La quejosa considera que el caso se trabajó incorrectamente o que el licenciado Colón Hernández no conocía suficientemente la materia. Por último, la quejosa sostuvo que el trabajo realizado no valía los veinte mil dólares ($20,000) pagados en honora-rios de abogado, por lo que peticionó la devolución de quince mil dólares ($15,000).
Por su parte, el licenciado Colón Hernández alegó que el 25 de agosto de 2005, la quejosa lo contrató para realizar la Petición de Expediente de Dominio de dos (2) fincas. Acor-daron un depósito de quince mil dólares ($15,000) para gastos y honorarios, a razón del quince por ciento (15%) del valor de la propiedad. Se pactó, conforme alegado, que tra-bajaría en una finca a la vez, a saber la de diecisiete (17) cuerdas primero. Planteó que su primera gestión fue con-tratar a un paralegal para que realizara el estudio de título por índice de personas.(2) No obstante, alegó que no estuvo conforme con el trabajo hecho por lo que acudió personal-mente al Registro de la Propiedad para hacer su propio estudio del tracto de la finca. Luego de recibir cierta infor-mación de la quejosa, el 5 de octubre de 2005 preparó un primer borrador de la Petición de Expediente de Dominio y, posteriormente, se comunicó con un agrimensor para que estudiara la finca y sometiera su contrato. Resuelto el asunto del agrimensor, el licenciado Colón Hernández pre-sentó la Petición de Expediente de Dominio en el 2006 bajo *279 el número EJV2006-0-942. Expresó que para la presenta-ción de la Petición de Expediente de Dominio tuvo que so-licitar tres (3) Certificaciones, toda vez que las primeras dos (2) se prepararon pero no le notificaron por lo que per-dieron su vigencia.(3) A su vez, señaló que durante el pro-cedimiento fue necesario emplazar a nueve (9) partes con interés, seis (6) de ellas mediante edictos.(4)
Además de las gestiones descritas, el licenciado Colón Hernández señaló que se reunió en dos (2) ocasiones en la Fiscalía de Caguas, así como con el Jefe de la Sección de Expedientes de Dominio de la Oficina Asesora de Adminis-tración de Propiedades del Departamento de Transporta-ción y Obras Públicas, quien no endosó la Petición presen-tada ya que la propiedad objeto de la misma invadía una servidumbre de 7.50 metros desde el centro de la Carretera PR-173. Ante esta negativa, el licenciado Colón Hernández sostuvo varias reuniones que lograron el endoso de la Pe-tición siempre y cuando se cumpliera con varios requisitos.
En cuanto a las alegaciones de la quejosa de falta de comunicación, el letrado informó que se reunió en no me-nos de cinco (5) ocasiones. Expresó que siempre atendía las llamadas de la señora Rosario Osorio. Por último, apuntó que nunca le prometió a la quejosa que ganarían el caso. Sostuvo que fue preparado al juicio e incluyó a los tres (3) testigos que exige la ley. Indicó que una vez recibida la Resolución del Tribunal de Primera Instancia, la llamó a su Oficina para discutirla. Le informó a las partes que lo resuelto daba espacio para una acción civil contenciosa y se puso a la disposición de la quejosa.
Así las cosas, la Oficina de la Procuradora General hizo un requerimiento de información adicional al licenciado Colón Hernández. En esta ocasión, el licenciado Colón Her- *280 nández informó haberle entregado el expediente a la que-josa el 8 de marzo de 2010.
Evaluada la Queja el 2 de septiembre de 2010, la Ofi-cina de la Procuradora General presentó su Informe. Luego de examinar tanto el Informe de la Procuradora General como la Contestación a Informe de la Honorable Pro-curadora General, el 10 de diciembre de 2010 instruimos a la Procuradora General a presentar la Querella correspondiente. El 19 de enero de 2011, la Procuradora General presentó una Querella sobre conducta profesional contra el licenciado Colón Hernández en la cual le imputó un (1) cargo por violación al Canon 23 del Código de Etica Profesional, 4 LPRAAp. IX.(5)
Mediante Orden, peticionamos al licenciado Colón Her-nández que contestara la Querella incoada en su contra. Finalmente, y luego de una solicitud de prórroga, el licen-ciado Colón Hernández presentó su Contestación a la Querella.
Luego de los trámites de rigor, el 20 de julio de 2011 designamos a la Hon. Eliadís Orsini Zayas, como Comisio-nada Especial para atender el procedimiento de autos. Tras celebrar una vista evidenciaría, la Comisionada Especial rindió su Informe en el que determinó que, aquilatada la prueba documental y testifical, el licenciado Colón Her-nández había incurrido en la conducta imputada. Además, la Comisionada Especial expresó que de los documentos y las admisiones del letrado se sostenía que este también violó los Cánones 18, 24 y 38 del Código de Ética Profesio-nal, 4 LPRAAp. IX.
Sometido el caso ante nuestra consideración, y contando con el beneficio del Informe de la Comisionada Especial y *281 de la Procuradora General, así como la contestación del licenciado Colón Hernández, resolvemos.
II
En el caso de autos se le imputa al licenciado Colón Hernández violar el Canon 23 del Código de Ética Profe-sional, supra. Como expresáramos, la Comisionada Especial también nos plantea la violación de los Cánones 18, 24 y 38 del Código de Ética Profesional, supra, tras examinar los documentos y las admisiones del licenciado Colón Hernández. Estas violaciones no fueron imputadas al le-trado en la Querella de 19 de enero de 2011. En primer lugar, examinemos este planteamiento.
Comencemos señalando que en In re Ríos Ríos, 175 DPR 57 (2008), resolvimos que los abogados tienen un interés propietario en el ejercicio de la profesión legal. Por lo tanto, los abogados son acreedores de las garantías que ofrece la vertiente procesal del debido proceso de ley en aquellos procedimientos disciplinarios en que esté enjuego su título.
Así, en In re Pérez Riveiro, 180 DPR 193 (2010), identificamos las garantías mínimas. Destacamos la naturaleza cuasipenal de los procedimientos disciplinarios y resolvimos que en estos, “el debido proceso de ley se satisface siempre que se le provea al abogado querellado la oportunidad de responder y defenderse de los cargos imputados y notificados, así como de las teorías en las que se fundamenten”. íd., pág. 200. Asimismo, concluimos que
[...] la práctica de enmendar tácitamente la querella, a base de la prueba presentada, para sancionar a un abogado por violaciones al Código de Etica Profesional que no fueron impu-tadas en la querella es incompatible con la naturaleza de los procedimientos disciplinarios de los abogados y viola el debido proceso de ley. Las enmiendas a las alegaciones mediante la prueba es un concepto propio de los procesos civiles [...] que no *282 tiene equivalente en el ámbito penal. Por lo tanto, aceptarlas en los procedimientos disciplinarios equivaldría a equiparar-los con los procesos civiles ordinarios. Id., págs. 200-201.
Empero, en In re Rodríguez Plaza, 182 DPR 328, 342 (2011), y en In re Martínez Almodóvar, 180 DPR 805 (2011), reconocimos que esta norma no es rígida ni inflexible. Al respecto, hemos expresado que
[...] a modo de excepción, en las instancias en donde el ex-pediente ante la consideración del Tribunal refleje que, en cuanto a la conducta impropia adicional, se le han salvaguar-dado al querellado todas las garantías que emanan del debido proceso de ley, el Tribunal podrá —si lo estima apropiado— evaluar y atender esa conducta adicional en el mismo procedi-miento disciplinario, sin necesidad de referirla al procurador general. Sólo así protegeremos efectivamente las garantías constitucionales del abogado querellado y no se menoscabará su oportunidad de preparar adecuadamente su defensa ni se le impedirá velar por su sustento. In re Martínez Almodóvar, supra, págs. 825-826.
Por otro lado, la Regla 14 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-A (ed. 2002), establece que le corresponde al Comisionado Especial designado en un procedimiento disciplinario contra un abogado celebrar una vista para recibir la prueba. Por lo tanto, sus determinaciones tácticas merecen nuestra mayor deferencia. Ahora bien, de igual manera hemos resuelto que, aunque este Tribunal no está obligado a aceptar el Informe del Comisionado Especial nombrado para atender una querella contra un abogado, pudiendo adoptar, modificar o rechazar tal Informe, de ordinario sostenemos las conclusiones de hecho de un Comisionado Especial, salvo que se demuestre prejuicio, parcialidad o error manifiesto. In re Torres Viñals, 180 DPR 236 (2010).
Así las cosas, en su Informe, la Comisionada Especial concluyó que el licenciado Colón Hernández violó el Canon 18 al utilizar un vehículo legal inaplicable a la situación que atendía; que solicitar honorarios al considerar factores *283 externos y en exceso al valor de su trabajo violó el Canon 24, y que, por último, se configuró la violación del Canon 38. También sometió el contenido del Contrato de Servicios Profesionales para que determinemos si este viola el Canon 19.
Al examinar el expediente ante nos, no consideramos apropiado atender las violaciones éticas adicionales seña-ladas por la Comisionada Especial. Esto, pues, tanto los escritos de la Procuradora General como los del licenciado Colón Hernández se limitan a exponer sobre la imputada violación al Canon 23. Asimismo, aunque de la Minuta de la Vista Inicial de 9 de febrero de 2012 surge que la Comi-sionada Especial trajo a la atención del querellado y de la Oficina del Procurador General estas posibles violaciones éticas, añadió que si en la próxima vista la Oficina de la Procuradora General le indicaba que solo tenía prueba para sostener lo imputado, así lo aceptaría. Así las cosas, la Oficina de la Procuradora General manifestó que solo con-taba con prueba para sostener la violación al Canon 23. Por otro lado, tampoco contamos con reacción alguna del querellado respecto al Informe de la Comisionada Especial.
Aclarado lo anterior, examinemos las disposiciones pertinentes.
Reiteradamente hemos señalado que los Cánones del Código de Ética Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal en el desempeño de su delicada e importante labor. In re Peña, Santiago, 185 DPR 764 (2012); In re Birriel Cardona, 184 DPR 301 (2012); In re Muñoz, Morell, 182 DPR 738 (2011); In re Torres Viñals, supra.
En lo pertinente, el Canon 23 del Código de Ética Profesional, supra, dispone:
La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe *284 mezclarlos con sus propios bienes ni permitir que se mezclen.
Cuando un abogado retiene fondos de sus clientes, esto constituye una práctica altamente lesiva a la profesión legal. In re Rivera Lozada, 176 DPR 215 (2009). Esa conducta lesiona la naturaleza fiduciaria que rige la relación entre el abogado y su cliente. Además, afecta la imagen de dignidad e integridad que debe guardar y proyectar todo abogado, y la reputación de la profesión legal en la comunidad. Ni la devolución del dinero retenido al cliente, ni la falta de intención para apropiárselos permanentemente eximen a un abogado de la sanción disciplinaria correspondiente. En ese contexto hemos expresado que la dilación en la devolución de los fondos, de por sí, es causa suficiente para infringir el Canon 23. Id.; In re Bonilla Berlingeri, 175 DPR 897 (2009); In re Ríos Ríos, supra.
Con estos preceptos en mente, atendemos la violación ética imputada.
III
El Contrato suscrito entre la querellante y el licenciado Colón Hernández contiene una cláusula que expresa lo si-guiente: “Un depósito de $15,000 para gastos y adelanto. Honorarios serán el 15% del valor de cada propiedad, que son dos”. Así pactado, la querellante entregó la suma de veinte mil dólares ($20,000) al licenciado Colón Hernández.
Sostiene la Procuradora General que las partes acorda-ron honorarios por contingencia y que, al no prevalecer, el letrado tiene derecho a ser compensado solo por los gastos en los cuales incurrió. Calcula estos gastos en no más de cinco mil dólares ($5,000). Concluye que la retención de los restantes quince mil dólares ($15,000) constituye una vio-lación al Canon 23 del Código de Etica Profesional, supra. La Comisionada Especial coincide con esta conclusión.
Por su parte, el licenciado Colón Hernández sostiene *285 que el Contrato suscrito era un contrato mixto por el que recibiría quince mil dólares ($15,000) en concepto de hono-rarios más un quince por ciento (15%) adicional por contingencia. Esto, pues expresa el licenciado Colón Her-nández que
[l]os honorarios finales serían en base al valor de tasación una vez finalizado el caso, pues el deseo de nuestra cliente era vender las tierras. Nos había informado la misma que allí se estaba vendiendo la cuerda a sobre setenta mil dólares, lo que generaría una ganancia de sobre un millón de dólares. Y ella estaba dispuesta a pagar el 15% en honorarios sobre esa cantidad.(6)
Indica que el adelanto recibido era parte de los honora-rios de abogado. Añade que “[p]or eso lo utilizamos y se dispuso de los mismos”.(7)
Evaluados estos hechos, y conforme reseñado, la Comi-sionada Especial entendió que el licenciado Colón Hernán-dez incurrió en violaciones al Canon 23 del Código de Ética Profesional, supra.
Al igual que la Comisionada Especial, consideramos que el Contrato de honorarios era de honorarios contingentes y que el dinero dado por la quejosa era para los gastos. La cláusula pertinente no permite otra lectura. Tal como hemos expresado: cuando nos referimos a las relaciones profesionales entre un abogado y su cliente se conocen como honorarios contingentes de dicho profesional el acuerdo entre las partes de que el abogado será compensado si gana el caso y en proporción a la cuantía concedida en la Sentencia. Colón v. All Amer. Life & Cas. Co., 110 DPR 772 (1981). A tales efectos, las únicas contingencias que contiene tal definición es que el abogado o abogada gane el caso y que se pacten los honorarios en proporción a *286 una cuantía sobre la cantidad de compensación que se consigne en la Sentencia.
Por lo tanto, al descontar los gastos en que incurrió el letrado, este debe devolver la suma restante. El licenciado Colón Hernández violó el Canon 23 del Código de Ética Profesional, supra, al mantener y disponer de este dinero.
IV
Por los fundamentos antes expresados, suspendemos al licenciado Colón Hernández del ejercicio de la abogacía por el término de un (1) año a partir de la notificación de la presente Opinión per curiam.
El licenciado Colón Hernández tiene el deber de notifi-car a todos sus clientes de su inhabilidad para continuar representándoles y devolverá a éstos los expedientes de los casos pendientes así como los honorarios recibidos por tra-bajos no realizados. También deberá informar oportuna-mente de su suspensión a los foros judiciales y administra-tivos del país. De igual forma, debe certificar a este Tribunal dentro del término de treinta (30) días el cumpli-miento con lo aquí dispuesto. A su vez, deberá devolverle a la señora Rosario Osorio quince mil dólares ($15,000).

Se dictará Sentencia de conformidad.

El Juez Presidente Señor Hernández Denton concurrió con el resultado sin opinión escrita. La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 Es importante señalar que el 16 de noviembre de 2012 se presentó la Queja AJB-2012-445 en contra del licenciado Colón Hernández.

 Dicha gestión tuvo un costo de ciento veinte dólares ($120).

 Expresó que cada Certificación tuvo un costo de cincuenta y cinco dólares ($55) para un gasto total de ciento sesenta y cinco dólares ($165). Lo anterior, según planteado, no contaba los viajes realizados al Registro de la Propiedad.

 Esta gestión tuvo un costo total de dos mil ochocientos dólares ($2,800), así como veintisiete dólares con cuarenta y cinco centavos ($27.45) en cartas certificadas.

 La Procuradora General presentó el cargo siguiente:
“CARGO I
“El licenciado Gumersindo Colón Hernández violentó los preceptos enunciados en el Canon 23 de Ética Profesional, 4 LPRAAp. IX, C. 23, el cual dispone que la naturaleza fiduciaria de las relaciones abogado y cliente estén fundadas en la hon-radez absoluta y que se debe dar pronta cuenta del dinero u otros bienes que vengan a su posición sin permitir que estos se mezclen con los suyos”.

 Contestación a la queja, pág. 3.

 Contestación a querella de la honorable Procuradora General, pág. 1.