EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* JESÚS L. DURECORT y ORLANDO MERCADO RODRÍGUEZ, acusados; SOCIEDAD PARA ASISTENCIA LEGAL, peticionaria.

*Número:* O-77-455      *Resuelto:* 27 de enero de 1978

*Benigno Alicea Alicea,* abogado de la Sociedad para Asistencia Legal.

PER CURIAM: La Sociedad para Asistencia Legal nos solicita que expidamos auto de *certiorari* para revisar resoluciones dictadas por el Tribunal Superior, Sala de San Juan, en las causas criminales G77-2201 y G77-2638 seguidas, respectivamente, contra Jesús L. Durecort y Orlando Mercado Rodríguez, mediante las cuales se designó al Lcdo. Manuel Maldonado Soler, de la Sociedad para Asistencia Legal, como abogado de oficio de dichos imputados y se negó el tribunal a relevarle de dicha designación. Alega ante nos la Sociedad que no siendo indigentes los imputados, erró el tribunal de instancia al negarse a relevar al Lcdo. Maldonado Soler y a dicha Sociedad de representar a los imputados. Estamos en condiciones de resolver a tenor de la Regla 50 del Reglamento de este Tribunal. (1)

La designación del Lcdo. Maldonado Soler, de la Sociedad para Asistencia Legal, para representar a los imputados en las citadas causas criminales se hizo al acceder el tribunal a suspensiones de vistas para juicio previamente señaladas. No obstante constar que los imputados estaban representados por abogados contratados por ellos el tribunal evidentemente persiguió el propósito de evitar futuras suspensiones al asegurarse de que los imputados estarían representados por el abogado de oficio designado si los abogados por ellos contratados no podían por alguna razón representarlos en las fechas dispuestas como nuevos señalamientos. En atención al propósito para el que se organizó la Sociedad para Asistencia Legal de prestar servicios gratuitos de abogacía a personas indigentes, es menester que establezcamos algunas normas que a su

---

(1) Dicha Regla dispone:

"Poder adicional de reglamentación del Tribunal

"En situaciones no previstas por este Reglamento el Tribunal encauzará el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes.

"Queda reservada la facultad del Tribunal para en casos apropiados prescindir de términos, escritos o procedimientos específicos en orden al más justo y eficiente despacho del caso."

vez agilicen los procedimientos y ayuden al laudable propósito de los tribunales de instancia de evitar suspensiones y ver de que los casos criminales se ventilen en las fechas de sus señalamientos.

En *Negrón Villavicencio* v. *García, Alcaide*, 92 D.P.R. 179, 183–184 (1965), hicimos las siguientes expresiones que son tan de actualidad hoy como entonces:

"Parece que la costumbre es nombrar un abogado de oficio en todos los casos en que no comparece el abogado contratado por el acusado. No creemos que ésta sea la práctica más aconsejable. La mejor práctica sería requerir formalmente del abogado contratado por el acusado que preste los servicios profesionales satisfactorios que se esperan de él, de acuerdo con las normas éticas de nuestra profesión, si necesario haciendo uso del poder coercitivo del Tribunal para lograr su labor de justicia."

El derecho constitucional de todo acusado de estar representado por abogado en todas las etapas del proceso criminal implica además el derecho del acusado a seleccionar libremente su abogado. Y un abogado que ha aceptado representar a un acusado, particularmente si ha sido contratado para ello, no debe ser relevado de sus obligaciones mediante la designación socorrida de un abogado de oficio, mucho menos si el acusado no es indigente. Acorde a estos principios, las siguientes normas deberán ser observadas en relación con renuncias de representación y designación de abogados de oficio:

Al renunciar la representación profesional de un acusado, el abogado deberá tener presente y cumplir con lo dispuesto en el Canon 20 de Ética Profesional.(²) Salvo en

---

(²) El Canon 20 de Ética Profesional dice:

"Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.

"Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su

casos excepcionales, no deberá aprobarse una renuncia de representación profesional presentada en fecha tan cercana al señalamiento de la causa para juicio que pudiera tener el efecto de provocar la suspensión. Tampoco deberá relevarse a un abogado de representar a un acusado contratado por él sin que se acredite satisfactoriamente que dicho abogado ha devuelto a su cliente el importe de honorarios cobrados por él o parte sustancial de éstos, dependiendo de la labor hasta entonces realizada por el abogado.

■ En el acto de aprobación de una renuncia de representación profesional deberán estar presentes el acusado y el abogado renunciante a menos que mediaren circunstancias extraordinarias o que surja de los autos que el acusado está representado adecuadamente por otro abogado. Al aprobar la renuncia se notificará inmediatamente al acusado y se le concederá un plazo razonable para que contrate un nuevo abogado, indicándole la fecha del señalamiento y apercibiéndole que la vista señalada no será suspendida. Para ese propósito el tribunal podrá designar de entre los abogados de su distrito judicial a uno o varios para que representen al acusado en caso de que éste comparezca a la vista del caso sin abogado de su selección. Al así hacerlo, el tribunal deberá investigar la capacidad económica del acusado para pagar por los servicios de abogado. De resultar que es indigente, podrá el tribunal requerir de la Sociedad para Asistencia Legal que

---

cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concedérle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.

"Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado."

designe uno de sus abogados miembros para que represente al acusado. El abogado de oficio designado por el tribunal o por la Sociedad para Asistencia Legal deberá comunicarse prontamente con el acusado y su abogado, si lo hubiere, y prepararse para asumir su defensa.

*Se expedirá el auto solicitado, se dejarán sin efecto las resoluciones de que se ha recurrido, y se dispondrá que el tribunal de instancia tome las medidas que fueren procedentes de acuerdo a las normas aquí establecidas.*

El Juez Asociado Señor Rigau no intervino.