Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JORSH ANTHONY TORRES DEL VALLE<br><br>Peticionario | KLCE202301369 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso núm.: EVI2023G0023 (304)<br><br>Sobre: A93/ Grado de Asesinato 1er Gdo Inciso A |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2023.

Comparece ante este foro apelativo la representación legal del Sr. Jorsh Anthony Torres Del Valle, la Licenciada Laura M. Coss Guzmán (licenciada Coss Guzmán o la peticionaria) mediante el recurso de *Certiorari* de epígrafe, solicitándonos la revisión de una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (el TPI), el 17 de octubre de 2023, notificada al día siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la *Moción de Relevo de Representación Legal* instada por la peticionaria.

Por los fundamentos que exponemos a continuación, se expide el auto de *certiorari* solicitado y se revoca el dictamen recurrido.

### I.

Surge del recurso ante nuestra consideración que el 7 de febrero de 2023, la peticionaria fue designada como abogada de oficio en el caso de autos. Esta señaló que, previo a ser asignada como representante legal del Sr. Jorsh Anthony Torres Del Valle (el

acusado), este ya había firmado un convenio con el Ministerio Público. Cónsono con dicho acuerdo el 13 de junio de 2023, el acusado renunció a la vista preliminar con el propósito de alcanzar posteriormente una alegación pre-acordada. Incluso, y en concordancia con el mismo, la licenciada Coss Guzmán no solicitó el descubrimiento de prueba dispuesto en la Regla 95 de las de Procedimiento Criminal. Relató en el recurso que el acusado se negó a servir como testigo del Ministerio Público conforme a lo acordado.

A petición del tribunal, el 18 de septiembre de 2023 se reunió con su representado y este "… nos manifestó una serie de situaciones, las cuales están protegidas por el privilegio de comunicación confidencial entre abogado y cliente. **No obstante, a fin de cuentas, él mismo manifiesta que desea un abogado que no sea la suscribiente, con la cual estamos de acuerdo tomando en consideración la información que nos transmitió**."[1]

El 21 de septiembre siguiente, en corte abierta y a preguntas del Magistrado, el acusado manifestó que quería otra representación legal. Incluso, surge de la Minuta de la vista que el Ministerio Público informó que el acusado incumplió con el convenio y que se verían los cargos en su contra.[2]

Por tanto, el 16 de octubre de 2023, la licenciada Coss Guzmán presentó una *Moción Solicitando Relevo de Representación Legal* en la cual explicó que existe un conflicto insalvable que lacera irreparablemente la relación abogado-cliente. Al día siguiente, el foro recurrido declaró *NO HA LUGAR* el petitorio e indicó "VEASE PUEBLO V. DURECORT, 106 D.P.R. 684."[3] Inconforme con la determinación, la peticionaria solicitó reconsideración, en la cual argumentó que el caso citado por el TPI se distingue del caso de

---

[1] Véase la *Petición de Certiorari*, a la pág. 2. [Énfasis en el original]
[2] Véase el Apéndice del Recurso, a la pág. 29.
[3] *Íd.*, a la pág. 17.

autos, y que luego de varias conversaciones con el acusado *ambos entendieron que existe un conflicto de interés perenne sobre el cual este merece una nueva representación legal que vele adecuadamente por los derechos que le asisten.*[4] El 6 de noviembre de 2023, notificada ese mismo día, se declaró *no ha lugar* a la reconsideración solicitada.[5]

Aun insatisfecha con la determinación, la peticionaria acude ante este foro intermedio imputándole al Tribunal de Primera Instancia haber incurrido en los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR NO HA LUGAR NUESTRA SOLICITUD DE RELEVO DE REPRESENTACIÓN LEGAL PRESENTADA PARA CONCEDER UNA NUEVA REPRESENTACIÓN LEGAL Y SU APLICACIÓN DEL CASO *PUEBLO V. DURECORT*, 106 DPR 7684 (1978).

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RELEVARNOS DE LA REPRESENTACIÓN LEGAL DEL ACUSADO DECLARANDO "NO HA LUGAR" NUESTRA SOLICITUD URGENTE DE RECONSIDERACIÓN.

El 7 de diciembre de 2023, dictamos una *Resolución* concediendo a la parte recurrida hasta el viernes 15 de diciembre, a las 12 del mediodía, para expresarse. La parte recurrida compareció representada por la Oficina del Procurador General, por lo cual nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes, el expediente apelativo y estudiado el derecho aplicable, procedemos a resolver.

**II.**

**El auto de *certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR

---

[4] *Íd.*, a la pág. 17.
[5] *Íd.*, a la págs. 23-24.

324, 334-335 (2005); *Negrón v. Srio. de Justicia,* 154 DPR 79, 90-92 (2001). Esta discreción ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia, supra,* pág. 91.

Asimismo, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una resolución interlocutoria, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, la cual lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97

(2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención.

**La Representación Legal**

La Sección 11 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, garantiza que "[e]n todos los procesos criminales, el acusado disfrutará del derecho [...] a tener asistencia de abogado". El derecho a tener representación legal en casos criminales, el cual debe ser uno adecuado y efectivo, ha sido consagrado como parte fundamental de la cláusula del debido proceso de ley. *Ramos Acevedo v. Tribunal Superior*, 133 DPR 599, 609 (1993). Esto naturalmente implica una representación legal libre de conflictos e intereses encontrados. *Pueblo v. Padilla Flores*, 127 DPR 638, 701 (1991).

A los fines de implementar este mandato constitucional, el Tribunal Supremo de Puerto Rico adoptó un *Reglamento para la Asignación de Abogados y Abogadas de Oficio*.[6] En lo aquí pertinente, el referido reglamento establece en la Regla 8 inciso (h) los *Criterios para autorizar el relevo de representación legal*. El mismo lee como sigue:

> Realizada la asignación de oficio, solo podrá relevarse al abogado o la abogada que presente una moción al tribunal y **demuestre una causa justificada conforme con lo dispuesto en el ordenamiento ético**. El tribunal deberá evaluar si, conforme dispone la Regla 9 (b) de este Reglamento, **existe justa causa para conceder el relevo de la representación legal y el diferimiento**. Si procede el relevo de representación legal, el tribunal asignará el caso a la siguiente persona en turno del banco de abogados y abogadas de oficio.
> La indigencia sobrevenida por parte de una persona con representación legal privada no constituirá justa causa para conceder el relevo, salvo lo dispuesto en el inciso (i) de esta regla. Como regla general, los conflictos en calendario tampoco serán fundamento para autorizar el relevo de representación legal y diferimiento del caso particular. Sin embargo, de manera excepcional, el tribunal podrá tomar en

---

[6] *Reglamento para la Asignación de Abogados y Abogadas de Oficio*, Secretariado de la Conferencia Judicial y Notarial, 1 de enero de 2020, pág. 13, en https://poderjudicial.pr/documentos/info-para/Reglamento-Asignacion-AbogOfic.pdf

consideración el calendario de señalamientos cercanos del abogado o de la abogada y la necesidad de evitar una dilación irrazonable en el trámite del procedimiento particular para determinar si procede el relevo y diferimiento solicitados. **El tribunal deberá considerar la oposición que pueda argüir la persona indigente que recibirá representación legal de oficio**. En este caso, el tribunal celebrará una vista para evaluar la prueba en apoyo a la oposición. Cuando la intimidad de la persona indigente u otras razones de justicia así lo requieran, podrá celebrarse una vista confidencial *ex parte*.

**El relevo y diferimiento autorizado al inicio de la representación legal no alterará el orden de asignaciones posteriores ni afectará el turno correspondiente del abogado o de la abogada**. No obstante, si se autorizara el relevo de representación legal **durante el curso del procedimiento judicial**, el tribunal **podrá diferir al abogado o a la abogada,** quien tendrá la obligación de asumir la próxima asignación de oficio que sugiera el Módulo de Asignación de Oficio. Si el tribunal concluye que los servicios prestados por el abogado o la abogada de oficio en esta etapa resultaron suficientes y que cumplió con su obligación de representación al amparo de este Reglamento, **podrá conceder el relevo sin ordenar su diferimiento**. Se permitirán los diferimientos por periodos de duración específica, debidamente acreditados por el abogado o la abogada a satisfacción del tribunal y autorizados por el Juez Administrador o la Jueza Administradora conforme el inciso (k) de esta Regla. [Énfasis nuestro]

Previo a la aprobación del Reglamento antes citado, nuestro alto foro resolvió *Pueblo v. Durecort,* 106 DPR 768 (1978). En lo que nos concierne dispuso que:

...

Al renunciar la representación profesional de un acusado, el abogado deberá tener presente y cumplir con lo dispuesto en el Canon 20 de Ética Profesional. Salvo casos excepcionales, no deberá aprobarse una renuncia de representación profesional **presentada en fecha tan cercana al señalamiento** de la causa para juicio que pudiera tener **el efecto de provocar la suspensión**. Tampoco deberá relevarse a un abogado de representar a un acusado contratado por él sin que se acredite satisfactoriamente que dicho abogado ha devuelto a su cliente el importe de honorarios cobrados por él o parte sustancial de éstos, dependiendo de la labor hasta entonces realizada por el abogado. [Énfasis nuestro]. *Íd.,* a las págs. 687-688.

Por último, puntualizamos que la relación de abogado y cliente debe fundamentarse en la absoluta confianza. *Pueblo v. Fernández Rodríguez,* 183 DPR 770, 792 (2011). Esta relación es una *sui generis* y de naturaleza fiduciaria, basada en la honestidad, lealtad y fidelidad absoluta. Ello responde, en gran medida, a las

inexorables exigencias éticas muy particulares de la profesión legal. *Íd.,* citando a *López de Victoria v. Rodríguez,* 113 DPR 265 (1982).

**III.**

Analizado el recurso ante nuestra consideración al palio de la Regla 40, antes citada, consideramos que la etapa del procedimiento en que se presenta la controversia es la más propicia para su consideración. Del recurso surge que una vez la peticionaria conoció que su representado laceró su confianza, al no cumplir con el acuerdo, que él mismo alcanzó con el Ministerio Público, esta presentó oportunamente su solicitud de relevo de representación legal.

Por otro lado, la licenciada Coss Guzmán nos expresa que, en la vista señalada para el 21 de septiembre de 2023, le informó al tribunal que había surgido un "insalvable conflicto de intereses que afectaba irremediablemente la confianza entre abogado y cliente." Incluso, según esta nos relata que el Juez se dirigió al acusado y le preguntó si era su deseo tener una nueva representación legal, a lo que este contestó en la afirmativa.

No obstante lo antedicho, el TPI declaró *no ha lugar* a la solicitud presentada por la peticionaria haciendo referencia únicamente a lo resuelto por nuestro alto foro en *Pueblo v. Durecort,* supra, el cual consideramos no es aplicable al caso de autos. Conforme surge del alegato y del Apéndice apelativo, el aquí acusado tenía un acuerdo con el Ministerio Público y conforme al mismo se llevaron a cabo todos los procedimientos. Incluso, la representación legal del acusado estaba dirigida en atención a dicho pacto. Destacamos que, de la Minuta del 21 de septiembre de 2023, surge que el Lcdo. Luis F. Mangual Acevedo, también representante legal del acusado, informó al foro recurrido "... que no le había dado seguimiento a la Regla 95 porque estaban en los acuerdos

transaccionales. Indica que luego de conversar con el acusado presentará moción." [7]

Ciertamente, el foro de primera instancia tiene plena autoridad para promover el manejo diligente y expedito de los casos ante sí para evitar dilaciones innecesarias que puedan perjudicar o afectar los derechos, y reclamaciones de las partes. Sin embargo, cuando un cliente pierde la confianza en su abogado y las diferencias en el manejo del caso no pueden conciliarse, obligar al abogado a permanecer en el caso significaría una pérdida irreversible para todas las partes. Como indicamos, la relación abogado-cliente debe fundamentarse en la absoluta confianza.

En consecuencia, examinado el expediente apelativo y, dado que el Ministerio Público no tiene objeción al relevo de representación legal,[8] procede conceder lo solicitado por la peticionaria. Sin duda, de los argumentos esbozados por la licenciada Coss Guzmán surge la justa causa de su petitorio. El hecho de que el acusado incumpliera su acuerdo, sin el consejo o asesoría de su representación legal, quien llevó el trámite procesal del caso y su estrategia legal confiando en dicho concierto, laceró sin duda la confianza en la relación abogado-cliente. Puntualizamos, además, que la etapa procesal en la cual se encuentra el caso no es una avanzada debido a que aún está pendiente una Regla 95 y para mañana, 19 de diciembre de 2023, está señalada una *Vista sobre el Estado de los Procedimientos*.

En resumen, el reclamo de la abogada aquí peticionaria es oportuno y no uno arbitrario ni caprichoso. Más bien, es un pedimento, en cumplimiento con los Cánones de Ética que rigen la profesión legal.

---

[7] *Íd.*, a la pág. 29.
[8] Véase el *Escrito en cumplimiento de orden* presentado el 15 de diciembre de 2023 a las 10:43 am por la Oficina del Procurador General.

**IV.**

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado, se revoca el dictamen recurrido y se le ordena al foro primario tomar las medidas necesarias para que al acusado se le asigne una representación legal adecuada. Se devuelve al Tribunal de Primera Instancia, Sala Superior de Caguas, para que provea conforme a lo aquí dispuesto.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                        LCDA. LILIA M. OQUENDO SOLÍS
                        Secretaria del Tribunal de Apelaciones